# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| **MAY SISK,** individually, | * * * |
| Plaintiff, | * * |
| v. | * Case No._____ |
| | * |
| **KIMBRO EQUITIES I,** a Tennessee general partnership, | * * * |
| Defendant. | * |

## COMPLAINT

Plaintiff MAY SISK ("SISK" or "Plaintiff") hereby sues Defendant KIMBRO EQUITIES I ("KIMBRO EQUITIES I" or "Defendant") pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA"), and its implementing regulations, the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 ("ADAAG") and alleges as follows:

## JURISDICTION AND PARTIES

1. This is an action for declaratory and injunctive relief pursuant to Title III of the ADA. This Court is vested with original jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1343 for Plaintiff's claims pursuant to 42 U.S.C. § 12181 *et seq.*, based upon Defendant KIMBRO EQUITIES I's failure to remove physical barriers to access and violations of Title III of the ADA.

2. Venue is properly located in the Middle District of Tennessee pursuant to 28 U.S.C. § 1391(b) because venue lies in the judicial district of the property situs or the judicial district in which a substantial part of the events or omissions giving rise to Plaintiff's claims

occurred. The Defendant's property is located in and does business within this judicial district and all events giving rise to this lawsuit occurred in this judicial district.

3. Plaintiff, MAY SISK, is and has been at all times relevant to the instant matter, a natural person residing in Tennessee and is sui juris.

4. Plaintiff is an individual with disabilities as defined by the ADA and is substantially limited in performing one or more major life activities, including but not limited to: walking, standing, grabbing, grasping and pinching. Plaintiff uses a wheelchair for mobility purposes.

5. Plaintiff is also an independent advocate of the rights of similarly situated disabled persons and is a "tester" for the purpose of enforcing Plaintiff's civil rights, monitoring, determining and ensuring whether places of public accommodation are in compliance with the ADA. Plaintiff's motivation to return to a location, in part, stems from a desire to utilize ADA litigation to make her home community more accessible for Plaintiff and others; and pledges to do whatever is necessary to create the requisite standing to confer jurisdiction upon this Court so an injunction can be issued correcting the numerous ADA violations on the subject property, including returning to Shell Gas Station and Convenience Store as soon as it is accessible ("Advocacy Purposes").

6. Defendant, KIMBRO EQUITIES I, is a Tennessee general partnership conducting business in the State of Tennessee and within this judicial district.

**FACTUAL ALLEGATIONS**

7. In September of 2019, Plaintiff was a patron at the Shell Gas Station and Convenience Store located at 822 Murfreesboro Pike, Nashville, Tennessee.

8. KIMBRO EQUITIES I, is the owner, lessor, and/or operator/lessee of the real property and improvements that are the subject of this action, specifically the Shell Gas Station and Convenience Store and its attendant facilities, including vehicular parking and exterior paths of travel within the site identified by the Nashville Planning Department by Parcel ID: 10600007100 ("Subject Facility", Subject Property).

9. Plaintiff lives less than three miles from the Subject Facility.

10. Because the Shell Gas Station and Convenience Store is in the vicinity of the Plaintiff's residence, she is regularly in the area where the subject facility is located and travels near the Subject Facility each time she leaves travels north on Murfreesboro Pike which occurs numerous times every week.

11. Plaintiff's access to the Shell Gas Station and Convenience Store located at 822 Murfreesboro Pike, Nashville, Tennessee ("Subject Property", "Subject Facility"), and/or full and equal enjoyment of the food, beverages, services, facilities, privileges, advantages and/or accommodations offered therein were denied and/or limited because of her disabilities, and she will be denied and/or limited in the future unless and until Defendant, KIMBRO EQUITIES I, is compelled to remove the physical barriers to access and correct the ADA violations that exist at Shell Gas Station and Convenience Store, including those set forth in this Complaint.

12. Plaintiff has visited Shell Gas Station and Convenience Store at least once before as a patron and advocate for the disabled. Plaintiff intends on revisiting Shell Gas Station and Convenience Store within six months of the filing of this Complaint or sooner, as soon as the barriers to access detailed in this Complaint are removed. The purpose of the revisit is to be a regular patron, to determine if and when Shell Gas Station and Convenience Store is made accessible, and to maintain standing for this lawsuit for Advocacy Purposes.

13. Living in the immediate vicinity, Plaintiff intends on revisiting Shell Gas Station and Convenience Store to enjoy the same dining experience and related services as a non-disabled patron as well as for Advocacy Purposes, but does not intend to re-expose herself to the ongoing barriers to access and engage in a futile gesture of visiting the public accommodation known to Plaintiff to have numerous and continuing barriers to access.

14. Plaintiff traveled to dining experience and related services as a patron and as an independent advocate for the disabled, encountered and/or observed the barriers to access that are detailed in this Complaint, engaged those barriers where physically possible, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access present at Shell Gas Station and Convenience Store.

## COUNT I – CLAIM FOR INJUNCTIVE RELIEF
**(Against Defendant for ADA Violations)**

15. The effective date of Title III of the ADA was January 26, 1992 (or January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181; 28 C.F.R. § 36.508(a).

16. Shell Gas Station and Convenience Store is a public accommodation and service establishment.

17. Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice and Office of Attorney General promulgated federal regulations to implement the requirements of the ADA. 28 C.F.R. Part 36.

18. Public accommodations were required to conform to these regulations by January 26, 1992 (or by January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181 *et seq.*; 28 C.F.R. § 36.508(a).

19. Shell Gas Station and Convenience Store must be, but is not, in compliance with the ADA and the ADAAG.

20. Plaintiff has attempted to, and has to the extent possible, accessed Shell Gas Station and Convenience Store in her capacity as a patron at Shell Gas Station and Convenience Store and as an independent advocate for the disabled, but could not fully do so because of her disabilities resulting from the physical barriers to access, dangerous conditions and ADA violations that exist at Shell Gas Station and Convenience Store that preclude and/or limit her access to Shell Gas Station and Convenience Store and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

21. Plaintiff intends to visit Shell Gas Station and Convenience Store again in the very near future as a customer and as an independent advocate for the disabled, in order to utilize all of the food, beverages, services, facilities, privileges, advantages and/or accommodations commonly offered to able-bodied patrons of Shell Gas Station and Convenience Store but will be unable to fully do so because of her disability and the physical barriers to access, dangerous conditions and ADA violations that exist at Shell Gas Station and Convenience Store that preclude and/or limit her access to Shell Gas Station and Convenience Store and/or the food, beverages, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

22. Defendant, KIMBRO EQUITIES I, has discriminated against Plaintiff (and others with disabilities) by denying her access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of Shell Gas Station and Convenience

Store, as prohibited by, and by failing to remove architectural barriers as required by, 42 U.S.C. § 12182(b)(2)(A)(iv).

23. Defendant, KIMBRO EQUITIES I, will continue to discriminate against Plaintiff and others with disabilities unless and until Defendant, KIMBRO EQUITIES I, is compelled to remove all physical barriers that exist at Shell Gas Station and Convenience Store, including those specifically set forth herein, and make Shell Gas Station and Convenience Store accessible to and usable by Plaintiff and other persons with disabilities.

24. A specific list of unlawful physical barriers, dangerous conditions and ADA violations which Plaintiff experienced and/or observed that precluded and/or limited Plaintiff's access to Shell Gas Station and Convenience Store and the full and equal enjoyment of the food, beverages, services, facilities, privileges, advantages and accommodations of Shell Gas Station and Convenience Store include, but are not limited to:

### PARKING

a. The plaintiff could not safely utilize the parking facility because the designated accessible parking space was not level in violation of Section 4.6.3 of the 1991 ADAAG and Section 502.4 of the 2010 ADAAG Standards. This violation made it dangerous and difficult for Plaintiff to transfer from her vehicle to her wheelchair (and vice versa) when parked in the accessible spaces.

b. The plaintiff could not safely utilize the parking facility because the access aisle serving the designated accessible parking space was not level in all directions in violation of Section 4.6.3 of the 1991 ADAAG and Section 502.4 of the 2010 ADAAG. This violation made it dangerous and difficult for Plaintiff to transfer from her vehicle to her wheelchair (and vice versa) when parked in the accessible spaces.

### ACCESSIBLE ROUTES

c. The plaintiff could not safely utilize the curb ramp independently as the transition at the bottom of the ramp was

too high because of cracked and/or broken pavement. Violation: The transition from the parking facility pavement to the bottom edge of the ramp is not flush or free of abrupt vertical changes in level due to the defendant's failure to maintain this accessible element in violation of 28 CFR § 36.211, Section 4.7.2 of the 1991 ADAAG, and Sections 303.3 and 406 of the 2010 ADAAG. These violations caused Plaintiff difficulty in maneuvering her wheelchair along the accessible route from the accessible parking to the accessible entrance.

d. The plaintiff could not access the accessible elements at the facility because no accessible route connected the accessible elements of the facility. Violation: There are accessible elements (for example, *inter alia*, the exterior bagged ice cooler and the tire inflation station) at the facility the routes to which are inaccessible in violation of Section 4.3.2 of the 1991 ADAAG and Section 206.2.2 of the 2010 ADAAG. This violation prevented access to the plaintiff equal to that of Defendant's able-bodied customers causing Plaintiff humiliation and embarrassment.

## ACCESS TO GOODS/SERVICES

e. The plaintiff could not independently access the self-service coffee stir sticks, cups, condiments, and/or food and drink dispensers because they are positioned too high for wheelchairs users. Violation: The self-serve tableware, dishware, condiments, food and operable parts of the drink dispensers are not at an accessible height in violation of Section 5.2 of the 1991 ADAAG and Sections 308.3.2 and 904.5.1 of the 2010 ADAAG. This violation prevented Plaintiff's access to these items equal to that of Defendant's able-bodied customers causing Plaintiff humiliation and embarrassment.

f. The plaintiff could not traverse the aisles within the store with the same access as Defendant's able-bodied customers due to noncompliant clear widths between aisles and at turn arounds at the end of aisles. The interior accessible routes between the shopping floor interior aisles and the shopping floor perimeter aisles/self-serve food and drink counters/refrigerated coolers fail to meet the minimum maneuverability clearance requirements for accessible routes in violation of Section 4.3.3 of the 1991 ADAAG and Section 403.5 of the 2010 ADAAG. This violation caused Plaintiff the stress and humiliation and physical fatigue associated with having to turn around and

attempt to "back track" down aisles she already traversed in an attempt to find a route that is accessible to wheelchair users.

g. The plaintiff was unable to access the accessible water fountain at the facility because there was no clearance beneath or in front of the fountain. Violation: The water fountain does not have the sufficient minimum clear floor space required to allow a person in a wheelchair to approach and access the unit due to Defendant's practice of stacking storage containers and merchandise in front of and around the unit creating obstructions which prevented Plaintiff's access in violation of 28 CFR §§ 36.302 and 36.211, Section 4.15.5 of the 1991 ADAAG, and Section 602.2 of the 2010 ADAAG. These violations prevented access to Plaintiff and caused her to suffer embarrassment, humiliation and feelings of isolation solely because she uses a wheelchair for mobility.

### ACCESSIBLE RESTROOM

h. The plaintiff could not operate the restroom sink faucet because the faucet controls are knobs which require tight grasping, pinching, and/or twisting of the wrist. Violation: Compliant faucet control hardware is not provided for the restroom sink in violation of Section 4.19.5 of the 1991 ADAAG and Section 606.4 of the 2010 ADAAG. This violation prevented equal access to the faucet for the Plaintiff solely because of [HIS/HER] disabilities and in so doing caused Plaintiff to suffer feelings of isolation and anguish.

i. The plaintiff could not flush the toilet independently as the flush valve was not mounted on the open side of the toilet. Violation: The flush valve is not mounted on the compliant side of the toilet in violation of Section 4.16.5 of the 1991 ADAAG and Section 604.6 of the 2010 ADAAG. This violation prevented access to Plaintiff and caused her to suffer embarrassment, humiliation and feelings of isolation solely because she uses a wheelchair for mobility.

### MAINTENANCE PRACTICES

j. Defendant has a practice of failing to maintain the accessible features of the facility, creating barriers to access for the Plaintiff, as set forth herein, in violation of 28 CFR § 36.211. This practice caused Plaintiff difficulty, distress, embarrassment and/or humiliation in attempting to access the

Shell Gas Station and Convenience Store and accessible elements within and about the Subject Facility.

k. Defendant has failed to modify its discriminatory practices to ensure that the Subject Facility is readily accessible to and usable by disabled individuals, in violation of 28 CFR §§ 36.302 and 36.211. This failure caused Plaintiff difficulty, distress, embarrassment and/or humiliation in attempting to access the Shell Gas Station and Convenience Store and accessible elements within and about the Subject Facility.

25. The discriminatory violations described above are not an exhaustive list of the Defendant's current barriers to equal access and violations of the ADA because Plaintiff was unable to access and assess all areas of the subject premises due to the architectural barriers encountered. A complete list of the subject location's ADA violations affecting the Plaintiff as a wheelchair user, and the remedial measures necessary to remove same, will require an on-site inspection by Plaintiff's representatives pursuant to Federal Rule of Civil Procedure 34. Once the Plaintiff personally encounters discrimination, as alleged above, or learns of discriminatory violations through expert findings of personal observation, she has actual notice that the defendant does not intend to comply with the ADA.

26. The defendant has a practice of failing to maintain the accessible elements at the Subject Facility by neglecting its continuing duty to review, inspect, and discover transient accessible elements which by the nature of their design or placement, frequency of usage, exposure to weather and/or other factors, are prone to shift from compliant to noncompliant, so that said elements are discovered and remediated. Defendant failed and continues to fail to alter its inadequate maintenance practices to prevent future recurrence of noncompliance with dynamic accessible elements at the Subject Facility in violation of 28 CFR §§ 36.202 and 36.211. These violations, as referenced hereinabove, made it impossible for Plaintiff, as a wheelchair user, to experience the same access to the food, beverages, services, facilities,

privileges, advantages and accommodations of Shell Gas Station and Convenience Store as Defendant's able-bodied patrons.

27. Accessible elements at Shell Gas Station and Convenience Store have been altered and/or constructed since 2010.

28. The foregoing violations are violations of the 1991 ADAAG, and the 2010 ADAAG, as adopted by the U.S. Department of Justice. In instances where the 2010 ADAAG standards do not apply, the 1991 ADAAG standards apply, and all of the alleged violations set forth herein can be modified to comply with the 1991 ADAAG standards.

29. The removal of the physical barriers, dangerous conditions and ADA violations alleged herein is readily achievable and can be accomplished and carried out without significant difficulty or expense. 42 U.S.C. § 12182(b)(2)(A)(iv); 42 U.S.C. § 12181(9); 28 C.F.R. § 36.304.

30. Each of the violations alleged herein is readily achievable to modify to bring Shell Gas Station and Convenience Store into compliance with the ADA.

31. Removal of the physical barriers and dangerous conditions present at Shell Gas Station and Convenience Store is readily achievable because of the site conditions at the subject property, the structural design of the subject facility, and the straightforward nature of the necessary modifications.

32. To assist businesses in offsetting the costs associated with complying with the ADA and removing barriers to access for individuals with disabilities, Section 44 of the IRS Code provides a tax credit for small business owners, and Section 190 of the IRS Code provides a tax deduction for all business owners, including the Defendant.

33. Removal of the physical barriers and dangerous conditions at Shell Gas Station and Convenience Store is readily achievable because of the relative low cost of the necessary

modifications and the Defendant has the financial resources to make the modifications, including the financial assistance made available to Defendant by the government pursuant to Section 44 and/or Section 190 of the IRS Code.

34. By continuing to maintain and/or operate the subject property with discriminatory conditions in violation of the ADA, Defendant contributes to Plaintiff's sense of isolation and segregation and deprives Plaintiff of the full and equal enjoyment of the goods, services, facilities, privileges, and accommodations available to able bodied individuals of the general public.

35. Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its places of public accommodation that have existed prior to January 26, 1992, 28 CFR 36.304(a); additionally, if there has been an alteration to Defendant's place of public accommodation since January 26, 1992, then Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including people who use wheelchairs, 28 CFR 36.402; and finally, if the Defendant's facilities were designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendant's facilities must be readily accessible to and useable by individuals with disabilities as defined by the ADA. To date, Defendant has failed to comply with this mandate.

36. Plaintiff is without adequate remedy at law and is suffering irreparable harm and reasonably anticipates that she will continue to suffer irreparable harm unless and until Defendant, pirit KIMBRO EQITIES I, is required to remove the physical barriers, dangerous conditions and ADA violations that exist at Shell Gas Station and Convenience Store, including

Page **11** of **13**

Case 3:20-cv-00066   Document 1   Filed 01/29/20   Page 11 of 13 PageID #: 11

those alleged herein. Considering the balance of hardships between the Plaintiff and Defendant, a remedy in equity is warranted.

37. Plaintiff's requested relief serves the public interest.

38. Plaintiff's counsel is entitled to recover its reasonable attorneys' fees and costs of litigation from Defendant, KIMBRO EQUITIES I, pursuant to 42 U.S.C. §§ 12188, 12205 and 28 CFR 36.505. Plaintiff will be denied full and equal access to the subject premises, as provided by the ADA unless the injunctive relief requested herein is granted.

39. Pursuant to 42 U.S.C. § 12188, this Court is vested with the authority to grant Plaintiff injunctive relief; including an Order to alter the subject facilities to make them readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, and closing the subject facilities until the requisite modifications are completed, and ordering Defendant to fulfill its continuing duty to maintain the accessible features at the premises in the future as mandated by 28 CFR 36.211.

WHEREFORE, the Plaintiff prays as follows:

A. That the Court find Defendant, KIMBRO EQUITIES I, in violation of the ADA and ADAAG;

B. That the Court enter an Order requiring Defendant, KIMBRO EQUITIES I, to (i) remove the physical barriers to access and (ii) alter Shell Gas Station and Convenience Store to make the subject property readily accessible to and useable by individuals with disabilities to the full extent required by Title III of the ADA;

C. That the Court enter an Order directing Defendant, pursuant to 28 C.F.R. §36.211, to fulfill its continuing duty to maintain its accessible features and equipment so that the facility remains accessible to and useable by individuals with disabilities to the full extent required by Title III of the ADA;

D. That the Court enter an Order directing Defendant to implement and carry out effective policies, practices, and procedures to maintain the accessible features and equipment pursuant to 28

C.F.R. §36.302 and 28 C.F.R. §36.211.

E. That the Court enter an Order directing Defendant to evaluate and neutralize its policies and procedures towards persons with disabilities for such reasonable time so as to allow them to undertake and complete corrective procedures;

F. An award of attorneys' fees, costs (including expert fees), and litigation expenses pursuant to 42 U.S.C. § 12205;

G. An award of interest upon the original sums of said award of attorney's fees, costs (including expert fees), and other expenses of suit; and

H. Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Dated this the 29th day of January, 2020.

                                            Respectfully submitted,

                                            By: *s/ Jeffrey Lucas Sanderson*
                                            Jeffrey Lucas Sanderson, Esq.
                                            Counsel for Plaintiff
                                            Tennessee State Bar No.: 35712

Of Counsel:
Wampler, Carroll, Wilson & Sanderson, P.C.
44 N 2nd Street, Ste 502
Memphis, TN 38103
Telephone: (901) 523-1844
Email: admin@wcwslaw.com

**DEFENDANT TO BE SERVED:**
KIMBRO EQUITIES I
1740 Ed Temple Blvd
Nashville, TN 37208